Michael J. Kelly, WSBA No. 31816
Joseph O. Baker, WSBA No. 32203
Gehrke, Baker, Doull & Kelly
22030 7th Ave. S., Ste. 202
Des Moines, WA 98198
Telephone: (206) 878-4100
Fax: (206) 878-4101
Email: mike@gehrkelawoffices.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JENNIFER TYLER, an individual, | NO. |
| Plaintiffs, | |
| vs. | COMPLAINT FOR VIOLATIONS OF: |
| CHELAN COUNTY, by and through its agency the CHELAN COUNTY SHERIFF'S OFFICE, a Washington Municipal Corporation, | (1) Title VII of the Civil Rights Act of 1964;<br>(2) Title I of the Civil Rights Act of 1991<br>(3) Washington Law Against Discrimination<br>(4) Negligence |
| Defendant. | **[Jury Trial Demanded]** |

COMES NOW, the plaintiff, Jennifer Tyler., by and through her attorneys, Michael J. Kelly and Joseph O. Baker of Gehrke, Baker, Doull, & Kelly, PLLC, and for cause of action against the defendant Chelan County and the Chelan County Sheriff's Office, and alleges as follows:

COMPLAINT FOR DAMAGES - 1

GEHRKE, BAKER, DOULL & KELLY
22030 7TH AVE SOUTH SUITE 202
DES MOINES, WA 98198
206.878.4100
206.878.4101 FAX

# I. NATURE OF THE ACTION

1.1    This is an action bringing federal claims under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act on 1991, as well as an action bringing state claims under the Washington Law Against Discrimination (WLAD) and for common law negligence to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to the Plaintiff. Plaintiff Jennifer Tyler ("Plaintiff," "Deputy Tyler," or "Tyler") alleges that the Chelan County, through its agency, the Chelan County Sheriff's Office subjected Deputy Jennifer Tyler to sexual harassment, including a hostile work environment, retaliation, and discrimination based on her sex.  Plaintiff also alleges common law torts against the same defendant, including negligent hiring, negligent training, negligent supervision, negligent and intentional infliction of emotional distress.  Plaintiff seeks monetary relief, including pecuniary and non-pecuniary compensation and punitive damages.

# II. JURISDICTION AND VENUE

2.1    This Court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 451, 1331, and 1343.

2.2    This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with their federal law claims, and the

COMPLAINT FOR DAMAGES - 2

GEHRKE, BAKER, DOULL & KELLY
22030 7TH AVE SOUTH SUITE 202
DES MOINES, WA 98198
206.878.4100
206.878.4101 FAX

parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

2.3 The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Washington.

### III.  PARTIES

3.1 Plaintiff is a Deputy Sheriff in the Chelan County Sheriff's Office in Chelan County, Washington, and resides in Chelan County, Washington.

3.2 Defendant Chelan County and its agency, the Chelan County Sheriff's Office is a Washington state municipal corporation operating in Chelan County, Washington and employing at least fifteen (15) employees.

### IV.  ADMINISTRATIVE PROCEDURES

4.1 Plaintiffs timely filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). On or around March 1, 2019, the EEOC issued Plaintiff a Notice of Right to Sue.

4.2 Plaintiff presented a "Tort Claim for Damages" to Chelan County, as required to bring her claims under Washington law, and more than sixty (60) days have elapsed since Chelan County received that Claim.

4.3 Plaintiff has timely filed this lawsuit within ninety (90) days of receipt

COMPLAINT FOR DAMAGES - 3

GEHRKE, BAKER, DOULL & KELLY
22030 7TH AVE SOUTH SUITE 202
DES MOINES, WA 98198
206.878.4100
206.878.4101 FAX

of her EEOC Right to Sue letter and has complied with all administrative prerequisites to bringing this lawsuit.

## V. FACTUAL ALLEGATIONS

5.1    The plaintiff, Jennifer Tyler, is a Deputy Sheriff with the Chelan County Sheriff's Office, where she has been employed since 2006, with a period of unemployment between her unlawful termination on November 1, 2010 and her reinstatement by an arbitrator in 2013.  Deputy Tyler sued Chelan County for employment discrimination and retaliation for the adverse employment treatment she suffered both prior to her 2010 termination and after her May 1, 2013 reinstatement. That matter was tried before a Douglas County, WA jury from February 26 - March 7, 2018.  Numerous Chelan County Sheriff's Office employees, including the Sheriff, the Undersheriff, Chiefs, Ranked Officers, and Deputies testified in that trial.  The jury awarded Deputy Tyler $500,000 in emotional distress as well as $6,500 in economic damages.

5.2    The County/Sheriff's Office recommenced its unlawful retaliatory behavior against Deputy Tyler almost immediately after the trial concluded, and it continues to do so to this day.  The following is a non-exhaustive list of the retaliation and disparate treatment Deputy Tyler has experienced and is experiencing—all of it based upon either her gender or her protected activities, *e.g.,* bringing her lawsuit, testifying in depositions and at trial in that lawsuit, participating in the political process

COMPLAINT FOR DAMAGES - 4

GEHRKE, BAKER, DOULL & KELLY
22030 7TH AVE SOUTH SUITE 202
DES MOINES, WA 98198
206.878.4100
206.878.4101 FAX

by running for Sheriff in the November, 2018 elections, and/or participating in union activities. The list of disparate treatment and/or retaliation set forth herein, below, is intended to be as complete and exhaustive as possible, though it is doubtful that each and every discriminatory and/or retaliatory act is encompassed. Furthermore, Deputy Tyler believes it is likely that these actions will continue into the foreseeable future and may, ultimately, also include wrongful termination:

5.3    Almost immediately after the conclusion of the 2018 employment discrimination trial, Chelan County Sheriff Brian Burnett sent an "SH Distribution" (*i.e.* to all Chelan County Sheriff's Office employees) email indicating that he did "not agree with the verdict" in Deputy Tyler's trial. There was no legitimate reason for Sheriff Burnett to voice this opinion in a Department-wide email, and it served only to embolden those Department members who had been discriminating, harassing, and retaliating against Deputy Tyler previously, giving rise to the lawsuit, the trial, and the jury verdict in Deputy Tyler's favor. Indeed, the adverse employment treatment Deputy Tyler was receiving recommenced almost immediately after Sheriff Burnett sent the email. To date, over 14 months after the conclusion of the trial, Sheriff Burnett has not spoken to Deputy Tyler.

5.4    During Deputy Tyler's post-trial In-Service Training, members of the Department took steps to sabotage her firing range qualification tests (where a passing score is required to be allowed to carry a firearm—a necessary part of Deputy Tyler's

COMPLAINT FOR DAMAGES - 5

employment). When she arrived at the range, her equipment had been moved, causing her to be late getting to the firing line. Additionally, her rifle magazines had been emptied after she had loaded them. The CCSO has a history of mis-scoring (to her detriment) Deputy Tyler's firing range qualification tests, and in this instance, the same was attempted. Chief Johnson, who accompanied Deputy Tyler to this qualification personally witnessed the range deputy incorrectly scoring her shoot times and rounds, and he addressed it with the range deputy. But for Chief Johnson's presence and his actions, Deputy Tyler would have had intentionally, and artificially, lowered scores.

    5.5    Sergeant Andrew Zimmerman's adverse treatment and retaliatory actions toward Deputy Tyler both prior to her 2010 unlawful termination and subsequent to her 2013 reinstatement was the subject of much evidence and testimony in her 2018 Douglas County civil trial. He also immediately resumed his discriminatory, harassing, and retaliatory behavior after the trial. Sergeant Zimmerman has reiterated his statements to Department superiors that he does not want to/will not work with Deputy Tyler and has threatened to sue the department if he is required to work with her. Sgt. Zimmerman has continued to lie to Deputy Tyler and treat her differently than others, including attempting to sabotage her participation in the April, 2018 promotional exam (to qualify for promotion to Sergeant). When the test times were released, Deputy Tyler notified Sgt. Zimmerman of her times via email, and he responded in and email stating "Jennifer - Per Chief Johnson no adjusting is being allowed nor overtime. You will

COMPLAINT FOR DAMAGES - 6

need to work your shift as scheduled Thanks Andy." Sgt. Zimmerman's response was false and directly contrary to an email sent by Chief Johnson on Feb. 22 stating "Promotional Test – Schedule with be set after February 28th. If they are working it is done on their workday, and we will backfill as necessary. If it is on an RDO they are doing it on their own time. If they are scheduled the night before or the night after they can adjust their shift times or take vacation and we will backfill as necessary." Despite his superior's (Chief Johnson) email to the contrary, Sgt. Zimmerman indicated that he expected Deputy Tyler to work a 12-hour shift from 1800-0600, and then take the 4-hour test that same afternoon and return for duty at 1800. Deputy Tyler ultimately took 24 hours of her own vacation time in order to test.

5.6     When Sgt. Zimmerman was placed on medical leave, Cpl. John Wisemore assumed command of Deputy Tyler. During this time, one Deputy, Nigel Hunter, was moved to the School Resource Officer ("SRO") position. Prior to his move, Deputy Hunter's "bid area" was in the "west beat," and Deputy Tyler's "bid area" was "valley/west." "Bid area" refers to the geographical sector of the county, as defined by the Sheriff's Office, in which CCSO deputies would like to work. The employees "bid" annually on an area, and competing bids are resolved via department seniority. Deputy Tyler was in her valley/west bid area, but was nonetheless unilaterally taken from there and forced to cover Deputy Hunter's bid area in the west

COMPLAINT FOR DAMAGES - 7

GEHRKE, BAKER, DOULL & KELLY
22030 7TH AVE SOUTH SUITE 202
DES MOINES, WA 98198
206.878.4100
206.878.4101 FAX

beat. When Deputy Hunter was moved to SRO, his position should have been filled by Deputy Lane who was the newest hire. However when Deputy Tyler made it known that she did not want to work the west patrol, Sgt. Zimmerman and Cpl. Wisemore deliberately violated the seniority bid protocol and forced her to do so. In fact, Cpl. Wisemore initially sent an email giving Deputy Tyler he option to adjust her time slot to stay in the valley. However, Cpl. Wisemore then later retracted this option after Sgt. Zimmerman informed him that he had created a new time slot for Deputy Lane, the newest deputy, and placed him in the preferred valley position over Deputy Tyler.

    5.7    In Deputy Tyler's 2018 trial, one serious example of retaliation on which evidence and testimony was presented, was that a number of other of her co-deputies were refusing to provide backup for Deputy Tyler when she responded to call which require backup per Department protocol and primarily for officer safety reasons. This highly dangerous retaliatory behavior continues, in retaliation for Deputy Tyler's protected activities.

    5.8    On December 3, 2018, Deputy Tyler was given five Internal Affairs Investigations and placed on Administrative Leave. The IA investigations and allegations contained in them are in retaliation for Deputy Tyler's protected activities, specifically, as indicated herein, above, activities such as successfully suing the county and testifying at her trial in that matter, participating in the political process by running

COMPLAINT FOR DAMAGES - 8

GEHRKE, BAKER, DOULL & KELLY
22030 7TH AVE SOUTH SUITE 202
DES MOINES, WA 98198
206.878.4100
206.878.4101 FAX

for election for Chelan County Sheriff, by participating in union activities, and by making legitimate complaints of harassment, discrimination, and retaliation in her employment.

5.9    Chelan County/Chelan County Sheriff's Office was the defendant in Deputy Tyler's prior lawsuit which culminated with a trial and jury verdict in her favor in 2018. That lawsuit involved factual allegations of discrimination, harassment, and retaliation by a number of Chelan County/Chelan County Sheriff's Office employees. The non-exhaustive list of factual allegations supporting the instant lawsuit, set forth above, were taken by many, if not all, of the same employees, with the knowledge of the County/Sheriff's Office. The County/Sheriff's Office has tacitly allowed the resumed and continued harassment, discrimination, and retaliation against Deputy Tyler and has negligently failed to supervise, investigate, and/or take any corrective action against any of these employees for their actions toward, and in creating a hostile work environment for Deputy Tyler. The County/Sheriff's Office has failed to prevent discrimination, harassment, and retaliation in Deputy Tyler's workplace.

## VI.    CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF:** Discrimination (Hostile Work Environment) based on sex in violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e-2(a).

6.1    Plaintiff incorporates by reference as if fully set forth herein the

COMPLAINT FOR DAMAGES - 9

GEHRKE, BAKER, DOULL & KELLY
22030 7TH AVE SOUTH SUITE 202
DES MOINES, WA 98198
206.878.4100
206.878.4101 FAX

allegations contained in Paragraphs 1.1 through 5.9, above.

6.2    Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a) prohibits employment practices that discriminate against persons on the basis of their sex. Defendants have engaged in unlawful employment practices in violation thereof by subjecting Deputy Tyler to a hostile work environment, as set forth in the factual allegations contained herein, above.

6.3    Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on sex.

6.4    Plaintiff is entitled to her reasonable attorney's fees and costs of suit.

**SECOND CLAIM FOR RELIEF:** Discrimination (Harassment) based on sex in violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e-2(a).

6.5    Plaintiff incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1.1 through 6.4, above.

6.6    Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a) prohibits employment practices that discriminate against persons on the basis of their sex. Defendants have engaged in unlawful employment practices in violation thereof by subjecting Deputy Tyler to workplace harassment, as set forth in the factual allegations contained herein, above.

GEHRKE, BAKER, DOULL & KELLY
22030 7TH AVE SOUTH SUITE 202
DES MOINES, WA 98198
206.878.4100
206.878.4101 FAX

6.7    Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on sex.

6.8    Plaintiff is entitled to her reasonable attorney's fees and costs of suit.

**THIRD CLAIM FOR RELIEF:**  Discrimination based on sex in violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e-2(a).

6.9    Plaintiff incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1.1 through 6.8, above.

6.10    Title VII of the Civil Rights Act of 1964, *as amended*, makes it unlawful for an employer, "(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

6.11    Defendant discriminated against Plaintiff by treating her differently from her male co-workers, including, but not limited to, sabotaging, or attempting to sabotage her firearms qualification tests and her promotional exams for higher ranked

COMPLAINT FOR DAMAGES - 11

GEHRKE, BAKER, DOULL & KELLY
22030 7TH AVE SOUTH SUITE 202
DES MOINES, WA 98198
206.878.4100
206.878.4101 FAX

positions in the Sheriff's Office.

6.12    Plaintiff's sex was the determining factor and/or a motivating factor in Defendant's actions.

6.13    As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial. As a result of Defendants' actions, Plaintiffs have suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

6.14    Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on sex.

6.15    Plaintiff is entitled to her reasonable attorney's fees and costs of suit.

**FOURTH CLAIM FOR RELIEF**:    Retaliation in violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e-2(a).

6.16    Plaintiff incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1.1 through 6.15, above.

6.17    Section 704(a) of Title VII of the Civil Rights Act of 1964, *as amended*, prohibits employers from discriminating against an employee "because [she] has opposed any practice made an unlawful employment practice by this subchapter." 42

U.S.C. § 2000e-3(a).

6.18   Plaintiff has continuously opposed the discriminatory, harassing, and retaliatory actions of the Chelan County Sheriff's Office, including, but not limited to, filing and litigating to a successful conclusion, her earlier lawsuit for discrimination, harassment, and retaliation. Plaintiff also ran for the office of Chelan County Sheriff as an electoral opponent of the current Sheriff, Brian Burnett, after conclusion of the 2018 trial in her previous lawsuit. Sheriff Burnett was one of the Chelan County employees who took many of the adverse employment actions against Deputy Tyler complained of in both the previous lawsuit as well as the instant lawsuit. Deputy Tyler's reasons for seeking that office were, among others, to improve that agency's employment practices such as the ones complained of in both lawsuits.

6.19   As a result of Plaintiff's protected activities in the previous lawsuit and in lawfully opposing Sheriff Burnett in a free and fair election, Defendant's agents and employees took materially adverse actions against Plaintiff, including, but not limited to, interfering with, and attempting to sabotage her firearms qualifications and her promotional exams to qualify for a higher ranking position in the agency, as well as placing her on five (5) unwarranted and retaliatory Internal Affairs (IA) investigations and placing her on a now lengthy, indeterminate Administrative Leave.

6.20   Defendant's adverse actions constituted retaliatory workplace harassment.

COMPLAINT FOR DAMAGES - 13

GEHRKE, BAKER, DOULL & KELLY
22030 7TH AVE SOUTH SUITE 202
DES MOINES, WA 98198
206.878.4100
206.878.4101 FAX

6.21    Defendant's retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity under Title VII.

6.22    As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries resulting in damages to be proven at trial.

6.23    Plaintiff is entitled to her reasonable attorney's fees and costs of suit.

**FIFTH CLAIM FOR RELIEF:** Discrimination (Hostile Work Environment) based on sex in violation of the Washington Law Against Discrimination (WLAD), RCW 49.60.180.

6.24    Plaintiff incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1.1 through 6.23, above.

6.25    Washington's Law Against Discrimination makes it unlawful for an employer to discriminate against any person in compensation or in other terms or conditions of employment because of sex.

6.26    Defendants have engaged in unlawful employment practices in violation of the Washington Law Against Discrimination thereof by subjecting Deputy Tyler to a hostile work environment, as set forth in the factual allegations contained herein, above.

6.27    Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination

based on sex.

6.28   Plaintiff is entitled to her reasonable attorney's fees and costs of suit.

**SIXTH CLAIM FOR RELIEF:** Discrimination (Harassment) based on sex in violation of the Washington Law Against Discrimination, (WLAD), RCW 49.60.180.

6.29   Plaintiff incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1.1 through 6.28, above.

6.30   Washington's Law Against Discrimination makes it unlawful for an employer to discriminate against any person in compensation or in other terms or conditions of employment because of sex.

6.31   Defendants have engaged in unlawful employment practices in violation of the Washington Law Against Discrimination thereof by subjecting Deputy Tyler to workplace harassment, as set forth in the factual allegations contained herein, above.

6.32   Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on sex.

6.33   Plaintiff is entitled to her reasonable attorney's fees and costs of suit.

**SEVENTH CLAIM FOR RELIEF:** Discrimination based on sex in violation of the Washington Law Against Discrimination, (WLAD), RCW 49.60.180.

6.34   Plaintiff incorporates by reference as if fully set forth herein the

COMPLAINT FOR DAMAGES - 15

GEHRKE, BAKER, DOULL & KELLY
22030 7TH AVE SOUTH SUITE 202
DES MOINES, WA 98198
206.878.4100
206.878.4101 FAX

allegations contained in Paragraphs 1.1 through 6.33, above.

6.35   Washington's Law Against Discrimination, makes it unlawful for an employer, "(1) to refuse to hire any person because of […] sex […]; (2) to discharge or bar any person from employment because of […] sex […]; or (3) to discriminate against any person in compensation or in other terms or conditions of employment because of […] sex […]."

6.36   Defendant discriminated against Plaintiff by treating her differently from her male co-workers, including, but not limited to, sabotaging, or attempting to sabotage her firearms qualification tests and her promotional exams for higher ranked positions in the Sheriff's Office.

6.37   Plaintiff's sex was the determining factor and/or a motivating factor in Defendant's actions.

6.38   As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial. As a result of Defendants' actions, Plaintiffs have suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

6.39   Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination

based on sex.

6.40   Plaintiff is entitled to her reasonable attorney's fees and costs of suit.

**EIGHTH CLAIM FOR RELIEF:**  Retaliation in violation of the Washington Law Against Discrimination, (WLAD), RCW 49.60.210.

6.41   Plaintiff incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1.1 through 6.40, above.

6.42   Washington's Law Against Discrimination, makes it unlawful for an employer, to discharge, expel, or otherwise discriminate against any person because he or she has opposed any practices forbidden by [RCW 49.60, *et. seq.*], or because he or she has filed a charge, testified, or assisted in any proceeding under this chapter.

6.43   Plaintiff has continuously opposed the discriminatory, harassing, and retaliatory actions of the Chelan County Sheriff's Office, including, but not limited to, filing and litigating to a successful conclusion, her earlier lawsuit for discrimination, harassment, and retaliation. Plaintiff also ran for the office of Chelan County Sheriff as an electoral opponent of the current Sheriff, Brian Burnett, after conclusion of the 2018 trial in her previous lawsuit. Sheriff Burnett was one of the Chelan County employees who took many of the adverse employment actions against Deputy Tyler complained of in both the previous lawsuit as well as the instant lawsuit. Deputy Tyler's reasons for seeking that office were, among others, to improve that agency's employment practices such as the ones complained of in both lawsuits.

COMPLAINT FOR DAMAGES - 17

GEHRKE, BAKER, DOULL & KELLY
22030 7TH AVE SOUTH SUITE 202
DES MOINES, WA 98198
206.878.4100
206.878.4101 FAX

6.44  As a result of Plaintiff's protected activities in the previous lawsuit and in lawfully opposing Sheriff Burnett in a free and fair election, Defendant's agents and employees took materially adverse actions against Plaintiff, including, but not limited to, interfering with, and attempting to sabotage her firearms qualifications and her promotional exams to qualify for a higher ranking position in the agency, as well as placing her on five (5) unwarranted and retaliatory Internal Affairs (IA) investigations and placing her on a now lengthy, indeterminate Administrative Leave.

6.45  Defendant's adverse actions constituted retaliatory workplace harassment.

6.46  Defendant's retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity under the Washington Law Against Discrimination.

6.47  As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries resulting in damages to be proven at trial.

6.48  Plaintiff is entitled to her reasonable attorney's fees and costs of suit.

**NINTH CLAIM FOR RELIEF:** Negligence in violation of Washington common law.

6.49  Plaintiff incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1.1 through 6.48, above.

COMPLAINT FOR DAMAGES - 18

GEHRKE, BAKER, DOULL & KELLY
22030 7TH AVE SOUTH SUITE 202
DES MOINES, WA 98198
206.878.4100
206.878.4101 FAX

6.50    Plaintiff also alleges common law torts against the same defendant, including negligent hiring, negligent training, negligent supervision, negligent and intentional infliction of emotional distress. Plaintiff seeks monetary relief, including pecuniary and non-pecuniary compensation and punitive damage.

6.51    Chelan County/Chelan County Sheriff's Office was the defendant in Deputy Tyler's prior lawsuit which culminated with a trial and jury verdict in her favor in 2018. That lawsuit involved factual allegations of discrimination, harassment, and retaliation by a number of Chelan County/Chelan County Sheriff's Office employees. The non-exhaustive list of factual allegations supporting the instant lawsuit, set forth above, were taken by many, if not all, of the same employees, with the knowledge of the County/Sheriff's Office. The County/Sheriff's Office has tacitly allowed the resumed and continued harassment, discrimination, and retaliation against Deputy Tyler and has negligently failed to supervise, investigate, and/or take any corrective action against any of these employees for their actions toward, and in creating a hostile work environment for Deputy Tyler. The County/Sheriff's Office has failed to prevent discrimination, harassment, and retaliation in Deputy Tyler's workplace.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.    For lost wages and all other compensation denied or lost to Plaintiff by reason of Defendant's unlawful actions, in an amount to be proven at trial;

GEHRKE, BAKER, DOULL & KELLY
22030 7TH AVE SOUTH SUITE 202
DES MOINES, WA 98198
206.878.4100
206.878.4101 FAX

2. For punitive damages in an amount to be determined at trial;

3. For non-economic damages resulting from the wrongful employment practices complained of in paragraphs 1.1 through 6.51, above, including without limitation emotional pain, suffering, and loss of enjoyment of life in amounts to be determined at trial;

4. For an Order awarding Plaintiff reasonable attorney's fees and costs of this action; and

5. Grant such further relief as the Court deems necessary and proper.

## VIII. JURY TRIAL DEMAND

Plaintiff Jennifer Tyler requests a jury trial on all questions of fact raised by her complaint.

DATED this 17th day of May, 2019.

```
                              GEHRKE, BAKER, DOULL & KELLY
                              22030 7TH Ave. S., Ste. 202
                              Des Moines, WA 98198
                              Telephone: (206) 878-4100
                              Fax: (206) 878-4100

By:                           /s/ Michael J. Kelly
                              Michael J. Kelly, WSBA #31816


                              /s/ Joseph O. Baker
                              Joseph O. Baker, WSBA #32203
```