FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 28, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JENNIFER TYLER,<br><br>                    Plaintiff,<br><br>          v.<br><br>CHELAN COUNTY and CHELAN COUNTY SHERIFF'S OFFICE,<br><br>                    Defendants. | No: 2:19-CV-00172-MKD<br><br>ORDER DENYING MOTION FOR PROTECTIVE ORDER<br><br>**ECF No. 53** |

Before the Court is Defendants' Motion for Protective Order, ECF No. 53. Defendant seeks a protective order precluding discovery into certain topics. For the reasons stated herein, Defendant's motion is **DENIED.**

## BACKGROUND

After Chelan County fired Plaintiff in 2010, the parties attended private arbitration that resulted in her reinstatement. ECF No. 1 at 4 ¶ 5.1; ECF No. 53 at 2. Plaintiff sued Chelan County in 2013, which resulted in summary judgment on

ORDER - 1

certain claims, and a jury trial on others in March 2018.  ECF No. 53 at 3-4; ECF
No. 56 at 4.

Plaintiff began the instant suit with her Complaint filed May 17, 2019.  ECF
No. 1.  Plaintiff pursues sex discrimination and retaliation claims under federal and
state statutes, and various theories of state law negligence.  ECF No. 1 at 2 ¶ 1.1.
Plaintiff alleges that she was subject to harassment and retaliation following the
state court litigation.  ECF No. 1 at 4-5 ¶¶ 5.1-5.9.  On October 13, 2023, Plaintiff
served Defendants a Fed. R. Civ. P. 30(b)(6) notice and her third set of
interrogatories and requests for production.  ECF Nos. 54-7, 54-8.  Defendants
objected, the parties met and conferred, and could not reach an agreement.  ECF
No. 53 at 5.  Defendants now seek a protective order.

## LEGAL STANDARD

"[T]he scope of discovery is . . . any nonprivileged matter that is relevant to
any party's claim or defense and proportional to the needs of the case . . . ."  Fed.
R. Civ. P. 26(b)(1).  Relevancy is "construed broadly to encompass any matter that
bears on, or that reasonably could lead to other matter that could bear on, any issue
that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340,
351 (1978).

Fed. R. Civ. P. 26(c) provides that "[a] party or any person from whom
discovery is sought may move for a protective order in the court where the action

is pending . . . .  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .”  “Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.”  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

## DISCUSSION

Defendants seek a protective order from discovery into:  (1) their employment policies from 2010 to 2018; (2) guidance, instruction, and directives related to after Plaintiff’s 2013 reinstatement; (3) actions taken related to alleged harassers following Plaintiff’s 2013 reinstatement; (4) any investigation into Plaintiff’s 2013 reinstatement.  ECF No. 53 at 4-5; ECF Nos. 54-7, 54-8.

Defendants argue that all issues related to pre-2018 conduct has been decided in state court, thereby “prohibit[ing] Plaintiff from conducting this discovery.”  ECF No. 53 at 6.  In essence, Defendants argue the discovery sought is irrelevant.  Defendants further argue that the requests are overbroad, argumentative, and unduly burdensome.

### A. Whether the Discovery is Relevant

The doctrines of “claim preclusion,” “issue preclusion,” “collateral estoppel,” and/or “res judicata” prevent parties from re-litigating issues decided by a prior court.  *See Migra v. Warren City School Dist. Bd. of Ed.*, 465 U.S. 75, 77

n.1 (1984); *Rains v. State*, 674 P.2d 165, 169 (Wash. 1983).  These doctrines are substantive defenses, most often argued in motions to dismiss or for summary judgment.  *See, e.g.*, *Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1164-68 (9th Cir. 2016); *Valley View Health Care, Inc. v. Chapman*, 992 F. Supp. 2d 1016, 1044-48 (E.D. Cal. 2014); *Seattle-First Nat'l Bank v. Kawachi*, 588 P.2d 725, 726 (Wash. 1978).  Here, Defendants argue that Plaintiff had claims relating to pre-2018 conduct decided in state court, therefore this Court cannot allow discovery into pre-2018 conduct.

The doctrines cited are substantive legal principles used to determine if relief is available as a matter of law.  Defendants offer no case law demonstrating their use as a boundary to discovery.  To the contrary, the scope of discovery is defined primarily by relevance, proportionality, and burden.  Fed. R. Civ. P. 26(b)(1).  The relevance of the discovery sought, here, is not diminished by the fact that Plaintiff previously pursued claims from the same conduct.  As Plaintiff highlights in opposition, her claims allege harassment and retaliation arising in the wake of the March 2018 trial.  ECF No. 59 at 4-11.  It is logical that actions and circumstances from before March 2018 would be relevant to harassment and retaliation following March 2018, at minimum as evidence of means, motive, and state of mind.

As to burden and proportionality, Defendants do not argue a particular hardship from answering the discovery requests.  Defendants only vaguely offer

that they "should not be forced to search for thirteen years of information on events that have been fully litigated and adjudicated, as it would be costly, unduly burdensome and not calculated to discover relevant information."  ECF No. 60 at 9-10.  Defendants have offered no indication of the cost of such a search, the time and manpower it would take, or what other hardships would be imposed.

The Court declines to grant a protective order on the basis that the information sought is irrelevant due to res judicata or collateral estoppel.

## B.  Whether the Discovery is Argumentative, Overbroad, and Unduly Burdensome

Defendants argue that some of Plaintiff's discovery requests are argumentative, overbroad, and seek irrelevant information.  ECF No. 53 at 10-13.  Many of Defendants' arguments are vague.  *See* ECF No. 53 at 11 (arguing that "Plaintiff's 30(b)(6) topics are overbroad," while only providing two general examples).  The Court addresses only the arguments specifically stated.

Defendants argue that certain of the Fed. R. Civ. P. 30(b)(6) topics and written discovery requests are argumentative and producing a deponent would amount to an admission.  ECF No. 53 at 10.  The Court agrees that some of the language used evokes a particular response or inference.  Fed. R. Civ. P. 30(b)(6) only requires that the matters for examination are described with "reasonable particularity."  The purpose of the rule is to put the deponent on notice of what will be asked, so that the deponent can prepare a designee.  *Buie v. District of*

*Columbia*, 327 F.R.D. 1, 9 (D.D.C. 2018).  It is a rule of practicality.  The Court

disagrees that producing a designee amounts to an admission to inartfully worded

topics.  The deponent must produce a "number of persons as will satisfy the

request, but more importantly, prepare them so that they may give complete,

knowledge, and binding answers on behalf of the corporation." *Chrimar Sys. V.*

*Cisco Sys.*, 312 F.R.D. 560, 563 (N.D. Cal. 2016).  The deposition testimony might

one day become evidence, but not the notice of topics.  If Defendants assert that a

topic contains factual errors, their duty extends only to provide as full answers as

possible, they are not required to endorse an opinion or factual assertions in a

notice of topics.  *Id.*  A deponent may respond to a line of inquiry by denying it, or

by claiming ignorance.  *Id.*

Defendants argue overbreadth in seeking "information on individuals who

are not similarly situated to Plaintiff" and that "Plaintiff cannot claim economic

damages," rendering her request for pay information irrelevant.  ECF No. 53 at 11.

Again, Defendants advocate a merits-based position to strictly bind discovery.

ECF No. 53 (citing *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 641 (9th Cir.

2003)).  Plaintiff claims sex discrimination and retaliation, information about how

Defendants have paid people in the past is relevant.  Defendants are free to

challenge the admissibility of such evidence and may assert its merits-based

arguments in a merits-based motion.

1    Accordingly, **IT IS HEREBY ORDERED:**

2    **1.**    Defendants' Motion for Protective Order, **ECF No. 53**, is **DENIED.**

3    **IT IS SO ORDERED.**  The District Court Executive is directed to enter this

4    Order and provide copies to the parties.

5    DATED November 28, 2023.

6    _s/Mary K. Dimke_
     MARY K. DIMKE
7    UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER - 7