1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MARY SCHULTZ                                                 Hon. Mary K. Dimke
MARY SCHULTZ LAW, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
Tel: (509) 245-3522, Ext. 1
E-mail: Mary@MSchultz.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JENNIFER TYLER,<br><br>               Plaintiff,<br><br>  v.<br><br>CHELAN COUNTY, by and through its agency the CHELAN COUNTY SHERIFF'S OFFICE, a Washington Municipal Corporation,<br><br>               Defendants. | Case No. 2:19-cv-00172-MKD<br><br>PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF 75) |

Plaintiff Jennifer Tyler, through her undersigned counsel, objects to Magistrate Judge James A. Goeke's Report and Recommendation filed on February 21, 2024 (ECF 75), as follows:

Plaintiff Tyler asks this Court to accept the premise that, as a beneficiary of an agreement between two others, she can accept the benefits those others

PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
Page 1 of 16

*MARY SCHULTZ LAW, P.S.*
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

want to accord her to settle their dispute. Plaintiff Tyler asks this Court to accept

the premise that such benefits may ultimately be used to reduce, or credit, or

offset any ultimate wage loss that a jury will determine as to Plaintiff Tyler's

direct damages. Plaintiff Tyler asks this Court to reject a recommendation that

it conclude that a federal Defendant can negotiate with a third party in an

ancillary proceeding to remove the federal claims and damages against that

Defendant without the federal Plaintiff being represented in that third party

proceeding, and without agreement of her federal counsel.

Release Language

This is the resolution language of a Settlement Agreement that

Defendant Chelan County negotiated with a third party Deputy Sheriff's

Association:

> "Dismissal of Grievance. The *grievance filed by the Association*
>
> relating to Tyler's termination is considered resolved and
>
> dismissed. This settlement *does not settle other claims of Ms.*
>
> *Tyler* that may be filed or in litigation."

ECF 40-1, ¶ 10 (emphasis added).

In general terms, the Magistrate Judge recommends that this Court ignore

PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION
Page 2 of 16



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

this language, and the communications surrounding it, and conclude that since Plaintiff Jennifer Tyler received benefits from this resolution, that should end the damage issue in this federal claim as well. The recommendation confuses *the DSA settlement of the DSA's grievance*, which happened, with Tyler's settlement of her federal damage claims, which never happened. The confusion is perplexing, given that the Settlement Agreement's paragraph 10 explicitly makes that very distinction. ECF 40-1, ¶ 10.

### A. <u>Background</u>

Plaintiff Tyler's complaint signals a wrongful termination claim in this action if and when the Defendant fired her: "Deputy Tyler believes it is likely that these actions will continue into the foreseeable future and may, ultimately, also include wrongful termination." ECF 1, para. 5.2. At a joint report in this case filed on February 2, 2020, ECF 9, her counsel states "Plaintiff intends to include wrongful termination in this Litigation."

Several months before the February 2020 joint report, an ancillary proceeding was initiated on September 4, 2019 by third party Chelan County "Deputy Sheriff's Association" (DSA), represented by its own law firm, the "Cline" law firm. This Defendant Chelan County was represented in that ancillary

PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
Page 3 of 16



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

action by its Attorney Robert Siderius. Jennifer Tyler was not represented by anyone in that proceeding. ECF 40-1, pages 5-7 (signatures with counsel where applicable). The Settlement Agreement *says* Tyler was not represented. The Agreement starts by listing *three* parties to the agreement not two—"This Settlement Agreement and Mutual Release of claims ('Agreement') is made by and between the *Chelan County Deputy Sheriffs Association* ('Association'), *Jennifer Tyler* ('Tyler') and *Chelan County* ('County')." ECF 40-1 (emphasis added). Only two parties are represented by counsel—the DSA and the County. *See* signature pages ECF 40-1, pages 5-7. No one is representing Jennifer Tyler. Nowhere does the agreement say that the DSA is "representing Tyler's interests." The agreement is explicit that all three parties are separate. ECF 40-1, p. 1, D and E ("The Association and Tyler contested…"). The latter "Tyler contested" is also quite wrong, as the agreement states, because the agreement concerned the DSA's grievance, not Tyler's. ECF 40-1, ¶ 10 ("<u>Dismissal of Grievance</u>. The grievance filed by the Association relating to Tyler's termination is considered resolved and dismissed."). Nowhere did Jennifer Tyler file a wrongful termination grievance. ECF 44-3, ECF 44-4. The DSA sent its "termination grievance" to the Defendant Chelan County without copying or notice to Jennifer Tyler or to any participant in

PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION
Page 4 of 16



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

this federal action. *Id.* Tyler's present counsel finally extracted this "grievance letter" from Chelan County's federal counsel, who himself needed months to figure out how and when any such "grievance" was submitted, if it ever was. ECF 44-3, ECF 44-4. There is no explanation from Chelan County or from the DSA counsel involved as to why they communicated only with each other and why neither of them copied Tyler or Tyler's federal counsel Mike Kelly on this or any communications if they were intending on usurping or resolving Tyler's federal claims. The evidence shows that this is likely because they never intended to do so--"This settlement does not settle other claims of Ms. Tyler that may be filed or in litigation." ECF 40-1, ¶ 10.

## **B. The Recommendations are Errors of Law and of Evidence.**

The Magistrate's recommendations repeatedly insists on forcing the DSA and its counsel into a role of representing Jennifer Tyler on a wrongful termination grievance that she did not make. ECF 44-3, ECF 44-4. The Magistrate Judge uses phrases such as how the DSA "addressed employment grievances…. on behalf of Plaintiff." (ECF 75, 1: 22-24, noting "employment grievances addressed by the Association on behalf of Plaintiff."). The Magistrate Judge states that, e.g., "Ultimately, the Settlement Agreement was the end result

PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION
Page 5 of 16

*M*ARY
*S*CHULTZ
*L*AW, P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

of the grievance process initiated by the Association on Plaintiff's behalf." ECF 75, p. 12: 1-2, ref. ECF No. 47-2. Nothing in this record evidences that the DSA "acted on Tyler's behalf" with Tyler's authority. ECF 44-3, ECF 44-4. Nothing in any status report, ECF 11, 13, 14, 15, 16, says that the DSA was *acting* on Tyler's behalf or with her authority for her federal claims. The Settlement Agreement explicitly states that parties were resolving the DSA's grievance, not Tyler's grievance and certainly not Tyler's federal damage claim. ECF 40-1, ¶10. The evidence shows that Tyler tried to reject the settlement of the DSA's grievance, and the DSA counsel would not let her, because, it told her, it represented the DSA client, not Tyler. ECF 42 (Declaration of Tyler) and ECF 42-7, Feb 26, 2021 (DSA counsel telling Tyler "We also will need to speak to Mike Morrison since the association is the client and responsible for the grievance."). There is not a shred of evidence in this record that shows either Jennifer Tyler or Tyler's former federal counsel Michael Kelly giving either the DSA or the County the authority to negotiate Tyler's federal damage claims. The objective evidence shows the exact opposite. The Settlement Agreement only resolved the DSA's grievance, not Tyler's grievance and certainly not Tyler's federal damage claims. ECF 40-1, ¶ 10 (emphasis added). The

*M*ARY
*S*CHULTZ
*L*AW, P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

represented parties to the agreement were the DSA and the County. ECF 40-1, pages 5-7.

The Magistrate Judge recommends that this Court accept that Plaintiff Tyler's communicating with the DSA *means* she knew the DSA was "representing her," except they weren't, see ECF 42-7 ("the Association is the client"), or that Tyler knew that she was relinquishing her federal damages, except she wasn't. ECF 40-1, ¶ 10 ("This settlement *does not settle other claims of Ms. Tyler* that may be filed or in litigation."). ECF 40-1, ¶ 10 (emphasis added).

The Magistrate Judge writes "Plaintiff, through the *Association's* counsel, advocated for terms and asked questions she had about the agreement prior to signing it." ECF 75, p. 12. These very communications prove that these lawyers were explicitly *not* compromising Tyler's federal claims, because otherwise the Cline law firm and the County would have been rampantly violating RPC 4.2. *See* ECF 41, at p. 20, noting how RPC 4.2 prohibits a lawyer, in representing a client, "from communicating 'about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so

PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION
Page 7 of 16



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

by law or a court order.'"). If nothing was done improperly by DSA and County counsel in that grievance process, then those lawyers were necessarily not settling Tyler's federal damage claims, because they knew Tyler to be represented in this federal action. The DSA counsel made this clear to Tyler in any event--the Cline firm did not represent Jennifer Tyler, it represented only the DSA, and the DSA had the right as the client to make the decisions. ECF 42-7.

The Magistrate Judge recommends that this Court conclude that "The Terms of the Settlement Agreement Bind Plaintiff Absent a Showing that the Association Breached its Duty of Fair Representation." ECF 75. First, this is a contradiction. If the DSA ever had a duty of fair representation, then it plainly breached its duty of fair representation, because the DSA did not represent Tyler *at all*, much less fairly. See ECF 40-1 page 1, and signature pages. No lawyer can provide fair representation to someone they are not representing. But this is not Plaintiff Tyler's argument. Plaintiff is not arguing that the DSA breached a duty of fair representation as to her wrongful termination grievance. Her argument is that *she never gave the DSA authority to represent her* in that grievance, she never knew the DSA had submitted such a grievance, and she certainly never gave the

PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION
Page 8 of 16



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

DSA or the County authority to settle her federal damages claim. The Magistrate discusses how "Plaintiff's assertion that the Association failed to grieve Plaintiff's termination is flatly inaccurate…The Court finds no evidence that the Association breached a duty of fair representation by somehow not grieving Plaintiff's termination." Again, this is not the argument. Plaintiff Tyler did not ask the DSA to do *anything* about her wrongful termination, by grievance or otherwise. Ther is no evidence that the DSA "acted on her behalf." ECF 44-3, 44-4. As noted by ECF 9, on February 2, 2020, Tyler's federal counsel intended to formalize the wrongful termination claims into this litigation.

The Magistrate Judge recommends that this Court accept that "Following Plaintiff's termination, the parties sought to stay this case *to allow Plaintiff to complete a grievance procedure regarding Plaintiff's termination,* as provided for in the collective bargaining agreement ("CBA") between the Association and Chelan County. ECF No. 9." Again, this is unsupported in all of its parts. Plaintiff Tyler did not initiate any grievance procedure over her termination. ECF 44-3, 44-4. Plaintiff made clear that she intended to include her wrongful termination claim in her federal action. ECF 9; and see ECF 11, 13, 14, 15, 16. Nothing in any status report says that Plaintiff Tyler was allowing the DSA to negotiate her federal

PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION
Page 9 of 16



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

termination claim in that union process, and nothing in the final status report, ECF

16, removes any such claim from this proceeding.  All language about what was

happening in the DSA process with this Defendant is regarding the DSA's

grievance, not this federal damage claim. Nowhere does any report filed in this

case say that *Jennifer Tyler* agreed to anything, a fact noted in the Magistrate's

ruling:

> "Finally, on April 5, 2021, the parties reported that the '*Chelan County
> and the Chelan County Sheriff's Officers' Guild* have come to a final
> resolution in the Guild/County arbitration related to the Collective
> Bargaining Agreement issues tied to this matter.'

ECF 75, p. 5, 21-24, ref ECF No. 14 at 1-2 (emphasis added). Jennifer Tyler is

not named as a party agreeing to anything, and "Collective Bargaining issues

tied to this matter" are not identified.

The Magistrate Judge does cite to a sentence in a status report on August

10, 2020, showing the confusion about what the DSA and County attorneys were

doing in their proceeding, noting how federal counsel here stated "With regard to

the arbitration, both parties are represented by other counsel, not involved in this

case, and the exact status of the arbitration in that matter is not currently

known." ECF 75, p. 5/17: 13-14, ref. ECF No. 11 at 2. This report shows only that

PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION
Page 10 of 16



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

federal counsel plainly did not understand that Tyler was not represented in that process. ECF 42-7; ECF 40-1. These counsel had no idea what the DSA and the County were doing. But it is not in legitimate dispute that no one was representing Tyler in the DSA process. ECF 40-1, pages 5-7.

The Magistrate Judge repeatedly references the DSA's "right" to represent Tyler, but this is plain error. The DSA did *not* represent Tyler. See ECF 40-1, pages 5-7. The DSA represented "(Mike) Morrison." ECF 42-7.  Concluding that the DSA had the right to represent Tyler is irrelevant--it didn't do so. *See* ECF 40-1 signatures.

Moreover, the DSA *had* no such right, and that is why it did *not* represent her. The Magistrate Judge recommends that "As set forth above, Plaintiff is functionally a party by virtue of the Association's *obligation to represent her interests* pursuant to the CBA." ECF 75, p. 12: 10-13 (emphasis added). The DSA did not represent Tyler's interests however, it represented its own interests. *See* ECF 40-1, signature pages. The Magistrate Judge holds that "The Association Grieved Plaintiff's Wrongful Termination Claim Consistent with the Association's Authority." The DSA has no "authority" to negotiate for *future wage loss* attendant to a wrongful termination federal claim. The DSA is only allowed

PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION
Page 11 of 16



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

to bargain for "all full time and regular part-time fully commissioned deputies."

ECF 75, Nte 5, ref. ECF No. 47-1, at ¶ 1.1. Tyler was neither a full-time or a regular

part-time deputy after she was fired. That is why the DSA did not represent her.

When the DSA and Chelan County initiated a "wrongful termination grievance,"

it did so without authority to *represent* Tyler, and it didn't thereafter represent her.

The Magistrate Judge ignores the explicit language of the Collective

Bargaining Agreement (CBA)'s *restriction* on the DSA right to bargain for

employees that are no longer employees. Tyler was no longer a Chelan County

employee or a member of the DSA on September 4, 2019 when the DSA filed

its grievance. She had been terminated. The Magistrate Judge construes the

DSA's authority under its CBA in a footnote, after noting how "the

Association's role in wrongful termination is not explicitly set out." It then

construes an authority contrary to the very language it cites.  The CBA allows

the DSA to address "wages, hours and working conditions for *certain members*

*of the Chelan County Sheriff's Office.*" ECF 47-1, preamble. Jennifer Tyler was

not a member of the Chelan County Sheriff's Office on September 4, 2019, when

the DSA initiated its grievance. ECF 44-4. Future wage loss as a damage

component of a wrongful termination tort claim are not "wages, hours and

PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION
Page 12 of 16



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

working conditions" for an employee. The CBA consistently notes, as did the Magistrate Judge, that the DSA is "the 'sole bargaining agent for wages, hours and working conditions for all full time and regular part-time fully commissioned deputies. ECF No. 47-1, at ¶ 1.1." ECF 75, nte 5. Jennifer Tyler was neither a full time or regular part-time employee on September 4, 2019. The Magistrate Judge ignores this limitation language, and instead goes to paragraph 2.1 of the CBA, recommending that since Chelan County retains "all of the vested management's inherent rights, powers, authority and functions," and since it can "discharge employees for just cause," then somehow a provision defining the County's exclusive authority means that the DSA can "grieve" anything about that authority. That is simply not what the CBA says--in its preamble, or in its Article 1, or anywhere else. The Magistrate Judge recommends that this Court conclude that "Discharge without good cause violates a provision of the CBA, so meets the definition of a grievance." ECF 75, nte. 5. Again, that is not what the paragraph says, and it is a non-sequitur. The DSA is restricted in its duties and its role as defined at the outset of the CBA by preamble and by Article 1. ECF 47-1.

The Magistrate Judge recommends that "The Settlement Agreement

PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION
Page 13 of 16

ᙏARY
ᔕCHULTZ
ᒪAW, P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

includes a 'Mutual Release' paragraph, wherein Plaintiff 'fully and forever releases and discharges the County. . .from all liability for any and all wage claims relating to her employment with Chelan County.'" ECF 75, p.6: 11-14, ref. ECF No. 40-1 at 4, ¶ 11. Paragraph 10 preceding that clause makes clear that the agreement only resolves the DSA grievance, not anything about Tyler's federal litigation. ECF 40-1, ¶ 10. This apparent inconsistency is not noted, much less analyzed; no effort is made to construe such inconsistencies against the drafters of this agreement, and none of the attorneys involved in preparing that agreement have testified in support of the County's position here.

In sum, this Court should reject and modify the Magistrate Judge's recommendation. The Magistrate Judge's recommendation simply fails to address the plain terms of the Release Agreement, and the objective evidence of communications, all of which make clear that what was resolved was the DSA's grievance, not Tyler's federal damage claims. The amounts negotiated between the DSA and Chelan County to resolve a DSA grievance should be held to be potential offsets or credits against any future damages determined by a jury, but not abrogation of damage claims. Anything other than this result ignores paragraph 10 of the Release.

PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION
Page 14 of 16



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

1

2

3

4        DATED this 6th day of March, 2024.

5        MARY SCHULTZ LAW, P.S.

6

7        */s/Mary Schultz*
         Mary Schultz, WSBA #14198
8        Attorney for Plaintiff
         Mary Schultz Law, P.S.
9        2111 E. Red Barn Lane
         Spangle, Washington 99031
10       Tel: (509) 245-3522, Ext. 1
         E-mail: Mary@MSchultz.com
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27       PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT
         AND RECOMMENDATION
28       Page 15 of 16

MARY
SCHULTZ
LAW, P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 6th day of March, 2024, filed and served the foregoing document to all counsel and parties using the Eastern District of Washington U.S. District Court C/ECF system, which will automatically serve notice to all attorneys who have appeared in this action and registered with the electronic filing system. Plaintiff is not aware of any non-CM/ECF participants.

Dated this 6th day of March, 2024.

MARY SCHULTZ LAW, P.S.

/s/Mary Schultz
Mary Schultz, WSBA # 14198
Attorney for Plaintiff
Mary Schultz Law, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
Tel: (509) 245-3522, Ext. 1
E-mail: Mary@MSchultz.com

PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION
Page 16 of 16



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com